GEORGE A. FARKAS
ATTORNEY AND COUNSELLOR AT LAW

*32 Court Street, Suite 408 . Brooklyn, N.Y. 11201*
718 625-2500
FAX 718 625-6837

*Via ECF*
*and First Class Mail*

February 13, 2009

Hon I. Leo Glasser, U.S.D.J.
United States District Court, E.D.N.Y.
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:  U.S. v. Pontillo
            92 CR 792 / 08 CR 709

Dear Judge Glasser;

    My client, Frank Pontillo is scheduled for sentencing on February 19, 2009 at 10:00 A.M. I am respectfully submitting this brief memorandum in aid of sentencing and a request that the Court impose a non-guideline sentence that is below the advisory range of the Sentencing Guidelines.

## DISCUSSION

    Judging by his past, Frank Pontillo does not fit the profile of a "model citizen". In fact, it can be argued that were it not for his past, he would not be before this Court on this minor charge, facing incarceration. Notwithstanding, we submit that given the totality of the circumstances, Frank Pontillo deserves, if not a non-custodial sentence, then a minimum sentence of incarceration without a subsequent term of Supervised Release.

    The Court is well aware that on his very last day of Supervised Release, Mr. Pontillo was charged with violating the terms of his release. This violation, which is the substantive crime to which he pleaded guilty, consists of his having allowed his credit line with an Internet gambling site to be used for placing bets on sports events.

In addition to any other matter(s) that the Court deems relevant in imposing sentence, we respectfully submit the following factors that we believe to be extraordinarily significant:

- As Federal charges go, the underlying charge is relatively minor and more appropriate for prosecution in the State Criminal Court than the United States District Court.

- The specific allegations relate back to almost 3 years ago. The last overt act alleged in the conspiracy is June of 2006. The defendant's last act occurred in January, 2006.

- There is absolutely no suggestion of any substantial or violent criminality, nor any conduct by Mr. Pontillo of being involved in Organized Crime operations since his release from prison.[1]

- Throughout his release from prison, to the present day, he was and is gainfully employed, as verified by the Probation Officer. The activity he has been charged with was certainly not his sole source of income.

Frank is in a loving relationship with a wonderful woman, his fiancée, Suzanne Weinman. Between the two of them, they made ends meet and lived within their means. For 12 years Suzanne, a Social Worker, had been in charge of a group home for mentally challenged adults. She was earning $55,000 annually. She was laid off in November of 2008. As this memo is being written, Suzanne has finally found another job after months of searching. This job pays almost $15,000 less than the previous one.

While her overall physical health is fair, Suzanne has a *Harrington Rod* in her spine that was implanted to treat *scoliosis*. The rod is broken but cannot be removed without great health risk. Instead, Suzanne lives with every day arthritic and other pain, but goes about her life. It goes without saying that if Frank is incarcerated, it would only add to the financial and emotional burdens at hand.

---

[1] On December 18, 2006, Pontillo was charged with violating the terms of his Supervised Release by being seen in the company of other persons that he was required to steer clear of. Notably, he was not charged with the instant offense even though the alleged conspiracy ended six months earlier. Your Honor continued him on Supervised Release.

Hon I. Leo Glasser, U.S.D.J.
Re: U.S. v. Pontillo
Page 3

The defendant, aside from being seriously overweight, ruptured two discs in his spine on December 26, 2008 while playing an interactive video game. Hoping to "tough it out" without medical intervention, he took pain-killers and remained at home. Finally, when was unable to move and fearing the worst, he was carried to the Emergency Room of Staten Island Hospital. X-rays were taken, and physical therapy and medication were prescribed. A recommendation of surgical intervention has, for the moment, been declined.

As of this writing, Frank is able to walk without the assistance of a cane. He believes that the physical therapy has improved his condition to the extent that any discomfort now is tolerable.

## CONCLUSION

On behalf of my client, I am respectfully requesting of Your Honor not to ignore my client's past, but to place it in its proper context. For the reasons stated above, I urge this Court not to incarcerate Frank Pontillo. He has truly endeavored by sheer determination to put his past behind him. He may have stumbled once or twice, but he is still walking the proper path. I firmly believe that he is a different and changed individual from the one that stood before this Court on March 18, 1993.

Respectfully submitted

GEORGE A. FARKAS
GF 1531

GAF:kjh

cc: A.U.S.A. Nicole M. Argentieri
Via fax only: (718) 254 6478