

U.S. Department of Justice

*United States Attorney*
*Eastern District of New York*

F.#2008R01606                              *271 Cadman Plaza East*
                                           *Brooklyn, New York  11201*

February 18, 2009

By ECF and Mail

The Honorable I. Leo Glasser
United States District Judge
Eastern District of New York
271 Cadman Plaza East
Brooklyn, New York 11241

       Re:  United States v. Frank Pontillo
            Criminal Docket No. 08-709 (ILG)

            United States v. Frank Pontillo
            Criminal Docket No. 92-792 (S-2) (ILG)

Dear Judge Glasser:

      The defendant Frank Pontillo is scheduled to be sentenced by the Court on February 19, 2009 at 10:30 a.m.  The government respectfully submits this letter in response to the defendant's letter application dated February 13, 2009, seeking a non-Guidelines sentence.  For the reasons set forth below, the government respectfully submits that the defendant should be sentenced within the advisory Guidelines range of 15 to 21 months for the new offense conduct, reflecting an offense level of 10 and a Criminal History Category of IV, to be followed by a consecutive sentence of 4 to 10 months for violating his supervised release.

I.        Background

      On December 21, 1992, a jury sitting in the Eastern District of New York found the defendant guilty of conspiracy to commit murder, in violation of 18 U.S.C. § 1959; use of a firearm in the commission of a crime of violence, in violation of 18 U.S.C. § 924(c)(1); and conspiracy to collect unlawful debts, in violation of 18 U.S.C. § 1962(c) and (d).  On March 18, 1993, the Court sentenced the defendant to a period of one hundred and fifty-six months' imprisonment and three years' supervised release.

As set forth in the violation of supervised release report ("VOSR Report"), in 2002, the defendant was convicted for his participation in the bribery of a counselor at his custodial institution. (VOSR Report at 3). The Honorable James F. McClure, Jr., United States District Judge, Middle District of Pennsylvania, sentenced the defendant to eighteen months' imprisonment. On June 17, 2005, the defendant was released from federal custody and began serving his term of supervised release in the Eastern District of New York.

On January 3, 2007, the defendant pled guilty before the Court to violating his supervised release by associating with convicted felons, including members and associates of the Colombo organized crime family. At that time, the Court re-instated the defendant to supervision with no additional conditions or penalties.

On October 20, 2008, the defendant waived indictment and pled guilty before the Court to an information charging him with conducting an illegal gambling business, in violation of 18 U.S.C. § 1955, pursuant to a plea agreement.[1] On that same date, the defendant pled guilty to violating the conditions of his supervised release by committing another federal, state or local crime; specifically, engaging in the gambling operation that was the basis for the new charges.

II.     A Guidelines Sentence Is Appropriate and Reasonable

Although it is now well settled that the Guidelines are advisory, see United States v. Booker, 125 S. Ct. 738, 764-65 (2005), and that a sentencing court has the authority to fashion a reasonable and appropriate sentence in a given case, the Supreme Court further held in Booker that the sentencing court must consider the Guidelines in formulating an appropriate sentence. Id. Further, in Gall v. United States, 128 S. Ct. 586 (2007), the Supreme Court held that at sentencing the district court should first calculate the applicable Guidelines range as the "starting point," and then consider the relevant factors under Section 3553(a) in fashioning a reasonable sentence.

18 U.S.C. § 3553(a) sets forth factors to be considered by the Court in imposing a sentence, including, inter alia, the

---

[1] Contrary to the assertion in the pre-sentence investigation report ("PSR"), the defendant pled guilty pursuant to a plea agreement, which was provided to Probation on November 18, 2008.

nature and circumstances of the offense; the history and characteristics of the defendant; and the need for the sentence imposed to reflect the seriousness of the offense, to afford adequate deterrence to criminal conduct, to protect the public from further crimes of the defendant, and to provide the defendant with needed vocational or educational training.

As set forth below, a consideration of both the advisory Guidelines sentence and the 3553(a) factors recommends that the defendant be sentenced within the advisory Guidelines range of 15 to 21 months for the new offense conduct, to be followed by a consecutive sentence of 4 to 10 months for violating his supervised release.[2]

III.     Consideration of Factors Set Forth in 18 U.S.C. § 3553(a)

   A.   Circumstances of the Offense

The defendant stands convicted of illegal gambling. Contrary to the defendant's representations, the defendant did not merely allow his credit line to be used by others to gamble on sports events; rather, for almost a year, the defendant facilitated a gambling operation affiliated with the Bonanno organized crime family. As set forth in the VOSR Report, the defendant opened up a gambling account for undercover police officers and collected gambling debts on behalf of the gambling operation. (VOSR Report at 5-6). While the defendant claims that this underlying charge is more appropriate for state prosecution, the facts here are undisputed in that the defendant violated federal law by conducting an illegal gambling operation.

---

[2]     As set forth in Guideline §7B1.3(f), "any term of imprisonment imposed upon the revocation of probation of supervised release shall be ordered to be served consecutively to any sentence of imprisonment that the defendant is serving, whether or not the sentence of imprisonment being served resulted from the conduct that is the basis of the revocation or probation or supervised release." Indeed, the Application Notes to Guideline §7B1.3 further state that this rationale applies even if the sentence of imprisonment for a criminal offense is imposed after revocation of probation or supervised release. Here, the the defendant violated both violated federal law and the conditions of his supervised release. Under the Guidelines, the defendant's sentence on the violation should run consecutive to his sentence for the substantive offense, even though the underlying conduct is the same.

3

Moreover, he did so despite the fact that he was on supervised release and he deliberately lied to the Court about these activities.

On January 3, 2007, the defendant was before the Court for sentencing on his previous violation of supervised release. At that time, the defendant told the court, "since my release I haven't conducted any criminal activities. That's all behind me now. I started two businesses." (Jan. 3, 2007 Tran. at 3; attached at Exhibit A). By pleading guilty to running an illegal gambling operation for the time period September 2005 through July 2006, the defendant has conceded that he lied to the Court on January 3, 2007. At the time, the defendant knew he had violated the law since his release from prison, but he did not yet realize he had gotten caught. At the conclusion of the January 3, 2007 appearance, the Court continued the defendant on supervised release, but told him, "if you come back here again because you've violated the rules, I'm going to send you to prison." (Id. at 7).

Given the seriousness of this offense and the defendant's behavior, the circumstances of the offense weigh in favor of a custodial sentence for the purposes of punishment and promoting deterrence. See 18 U.S.C. § 3553(a)(2)(A), (B).

    B.    <u>History and Characteristics of the Defendant</u>

The history and characteristics of the defendant similarly weigh in favor of a meaningful period of incarceration. 18 U.S.C. § 3553(a)(1). The defendant claims that he should not receive a custodial sentence because, <u>inter alia</u>, his conduct was not violent and because the charges are minor compared to his murder conviction. He also asks the Court to take into account the health of his fiancee and his own physical injuries, which were sustained while "playing an interactive video game." The defendant's personal circumstances do not merit a lower non-Guidelines sentence. Although the Guidelines are advisory, the policy statements set forth in the Guidelines regarding departure should be considered by the court when determining whether a non-Guidelines sentence is appropriate. <u>United States v. Rattoballi</u>, 452 F.3d 127, 136 (2d Cir. 2006) ("Although the district court is not required to adhere to the policy statements promulgated by the Commission, we do consider them in reviewing a sentence for reasonableness."). The United States Sentencing Commission Guidelines caution that "[m]ental and emotional conditions are not ordinarily relevant in determining whether a sentence should be outside the applicable guideline range." U.S.S.G. § 5H1.3. Under the provisions set forth in U.S.S.G. § 5K2.0, aggravating

4

or mitigating circumstances may warrant a departure if the circumstances are of a kind or to a degree not contemplated by the Sentencing Commission in formulating the Guidelines.  For such a downward departure to be granted, the Court must find that the case is unusual enough to fall outside the "heartland" of the typical cases to which the Guidelines apply.  See 18 U.S.C. § 3553(b); U.S.S.G. § 5K2.0; Koon v. United States, 518 U.S. 81, 92-96 (1996).

The defendant has not articulated why his situation is one not contemplated by the Guidelines.  As set forth in U.S.S.G. §§ 5H1.4 and 5H1.6, medical conditions and family ties are not ordinarily relevant in determining whether a departure is warranted.  Many individuals have family members who suffer from arthritis and other pain, and who would lose monthly income as a result of the defendant's incarceration.  Beyond minimizing his culpability and the criminal conduct at issue here, the defendant has not articulated why his personal circumstances should result in a non-custodial sentence.  His personal circumstances are not unique and do not excuse his criminal conduct.  See United States v. Trupin, 475 F.3d 71, 75 (2d Cir. 2007) (finding the district court placed unjustified reliance on the defendant's family circumstances not unique to the defendant).

Additionally, the defendant has shown himself unable to abide by the conditions set out by this Court, such that a non-custodial sentence is appropriate.  He has violated the terms of his supervised release on at least two occasions.  On one occasion, he blatantly misled the Court about his activities since being released from prison.  The defendant has demonstrated a lack of respect for the law and for the Court, and based on these considerations, the history and characteristics of the defendant favor a sentence within the advisory Guidelines range.

    C.   The Need for the Sentence Imposed

The balance of the 3553(a) factors weigh in favor of a sentence of within the advisory Guidelines range of 15 to 21 months on the new offense conduct, to be followed consecutively by a sentence of 4 to 10 months on the VOSR.  Both the need for the sentence imposed to reflect the seriousness of the offense, as well as to adequately deter criminal conduct on the part of the defendant and others, counsel in favor of a Guidelines sentence of 15 to 21 months. Additionally, the defendant violated the terms of his supervised release on at least two occasions, by continuing his associations with organized crime and by facilitating an illegal gambling enterprise.  Given the defendant's recidivist behavior, a period of incarceration is

appropriate here to "reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense." 18 U.S.C. § 3553(a)(2)(A). In addition, incarceration is warranted to further the aims of general and specific deterrence. See id. § 3553(a)(2)(B), (C).

Here, taking into account all of the factors enumerated in 18 U.S.C. § 3553(a), a sentence within the advisory Guidelines range is appropriate considering all of the factors in 18 U.S.C. § 3553(a).

V.      Conclusion

For the foregoing reasons, the government respectfully submits that the Court should impose a sentence of 15 to 21 months on the new offense conduct, to run consecutive to a sentence of 4 to 10 months for the VOSR.

Respectfully Submitted,

BENTON J. CAMPBELL
UNITED STATES ATTORNEY

By:          /s/
Nicole M. Argentieri
Assistant U.S. Attorney
(718) 254-6232

cc:  Clerk of Court (ILG) (by Mail)
     George Farkas, Esq. (by ECF)
     Probation Officer Frank Marcigiliano (by Mail)